# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

Bernard A. Foster,

      Plaintiff,

v.

Equifax Information Services, LLC, and
Medical Data Systems, Inc.

      Defendants.

Case No.:

**COMPLAINT
WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

1. This action for damages is based on Defendants' false reporting on Plaintiff's consumer reports, failures to follow reasonable procedures to assure maximum possible accuracy of information, and failures to conduct reasonable investigations with respect to such information.

## PARTIES

2. Plaintiff, Bernard A. Foster, is natural person who resides in Douglas County, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

3. Defendant Equifax information Services, LLC (hereinafter "Equifax") is a credit bureau doing business in Georgia and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

4. Defendant, Medical Data Systems, Inc. (hereinafter "Medical") does business in Georgia, and is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692 a(6).

## JURISDICTION AND VENUE

5. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

6. Venue is proper in this Court because a substantial part of the claim arose in Georgia, and all Defendants "reside" in Georgia, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

7. On or about June 2, 2015, Plaintiff obtained a copy of his consumer report as published by Equifax.

8. Plaintiff identified an account being collected by Medical that he did not recognize on his Equifax consumer report.

9. On the Equifax consumer report, the tradeline associated with the account being collected by Medical states on its face that Medical is collecting on an account ostensibly related to medical treatment and services, and clearly identifies the medical service provider.

10. In its report to Equifax, Medical advised Equifax that it was collecting on a medical services account and was thus a medical information furnisher.

11. Plaintiff disputed the tradeline appearing on his Equifax consumer report via a letter dated June 18, 2015, mailed to Equifax, per the requirements of 15 U.S.C. § 1681i, with a dispute letter also sent directly to Medical.

12. The alleged debt being collected by Medical was primarily for personal, family or household purposes and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13. Upon information and belief, Equifax provided Medical timely notice of the disputed debt in accordance with 15 U.S.C. § 1681i.

14. Thereafter, Plaintiff received from Equifax a "reinvestigation report" dated June 25, 2015. A true and correct copy of the relevant page of this report is attached as Exhibit A.

15. This reinvestigation report shows that, despite receiving actual notice of Plaintiff's dispute from Equifax, and Plaintiff, Medical failed to acknowledge and report that the alleged debt was disputed.

16. Further, the reinvestigation report also persisted in specifically identifying the medical service provider.

17. Medical had an affirmative duty to independently investigate Plaintiff's dispute and to accurately report the tradeline information to Equifax.

18. Likewise, Equifax had an affirmative duty to independently investigate the dispute submitted by Plaintiff, and to accurately report the tradeline information, notwithstanding the information it received from Medical.

19. There is no indication on the Equifax reinvestigation report that Medical reported that the account/debt was disputed by the Plaintiff as required by 15 U.S.C § 1681s-2(a)(3).

20. Defendant Medical is responsible for following reasonable procedures to assure maximum possible accuracy whenever they furnish information for use in consumer reports.

21. Defendant Equifax is responsible for following reasonable procedures to assure maximum possible accuracy whenever they prepare consumer reports from information in their database.

22. Each Defendant had an affirmative duty to independently investigate the dispute submitted by Plaintiff and to accurately report the trade-line information notwithstanding the information it received from a co-Defendant.

23. Each and both of the Defendants, independently and jointly, breached their duties as described above.

24. Due to Defendants' respective failures to follow reasonable procedures to assure maximum possible accuracy of information and to conduct reasonable investigations of Plaintiff's disputes, the false and misleading information on Plaintiff's consumer report was not appropriately modified or deleted.

25. Due to Defendants' respective failures to follow reasonable procedures to assure maximum possible accuracy and to conduct reasonable investigations of Plaintiff's disputes, the private, protected medical information on Plaintiff's consumer report was also not appropriately modified or deleted.

26. As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including without limitation, suppression of his credit score, out-of-pocket expenses, detriment to his credit rating and emotional distress.

## TRIAL BY JURY

27. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681b(g)(1)**
**(Equifax)**

28. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

29. Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681b(g)(1) by furnishing a consumer report containing information that identified a medical service provider, without Plaintiff's specific written consent, and when such private medical information was not necessary to process or effect an employment or credit transaction.

30. As a result of Defendant Equifax's violations of 15 U.S.C. § 1681b(g)(1), Plaintiff has suffered actual damages, including without limitation out-of-pocket expenses, and emotional distress.  Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

31. Defendant Equifax's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

32. Plaintiff is entitled to recover costs and attorney's fees from Defendant Equifax pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681e(b) and 1681i
### (Equifax)

33. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

34. Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

35. Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's disputes, and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

36. As a result of Defendant Equifax's violations of §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages, including without limitation suppression of his credit score, out-of-pocket expenses, and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

37. Defendant Equifax's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

38. Plaintiff is entitled to recover costs and attorney's fees from Defendant Equifax pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT III

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681s-2(b)
### (Medical Data Systems)

39. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

40. Defendant Medical willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

41. As a result of Defendant Medical's violations of § 1681s-2(b), Plaintiff has suffered actual damages not limited to suppression of his credit score, out-of-pocket expenses, detriment to his credit rating and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

42. Defendant Medical's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

43. Plaintiff is entitled to recover costs and attorney's fees from Defendant Medical pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT IV

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10)
### (Medical)

44. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

45. Defendant Medical's foregoing actions and omissions in connection with its attempts to collect the alleged debt violated numerous and multiple provisions of the FDCPA, including without limitation 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10).

46. As a result of Defendant Medical's violations of the FDCPA, Plaintiff has suffered actual damages not limited to suppression of his credit score, out-of-pocket expenses, detriment to his credit rating and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

47. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant Medical $1,000 in statutory damages for each violation and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff prays that judgment be entered against these Defendants for:

   a.) Plaintiff's actual damages;

   b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

   c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

   d.) Statutory damages against Medical for each violation pursuant to 15 U.S.C. § 1692k;

   e.) Reasonable attorney's fees and costs against Medical pursuant to 15 U.S.C. § 1692k; and

   f.) Such other and further relief as may be just and proper.

Respectfully submitted this 14th day of July, 2015.

/s/ Matthew T. Berry
Plaintiff's Attorney
Matthew T. Berry, Bar No.: 055663
Berry & Associates
2751 Buford Highway, Suite 400
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333
matt@mattberry.com